Our next case on the calendar is Esparza v. Uribe. Good morning, Your Honors, and may it please the Court, Gualdemoc Ortega of the Federal Public Defender's Office for Petitioner Thomas Esparza. Your Honors, this case stems from a robbery committed by one gang member, my client Thomas Esparza. There is no evidence that any other gang member participated in this crime. Yet, notwithstanding this fact, the California Court of Appeals concluded that Mr. Esparza committed this offense with a specific intent to promote further or assist in any criminal conduct by gang members. But you're not arguing that we need to show that there was another gang member actually involved in the crime, are you arguing that? I believe that the statute requires, Your Honor, that there was evidence that there was either another gang member participating in the crime or that there was evidence that his actions promoted or furthered criminal activity by gang members. Okay. But that's my question. It's not essential for a conviction under this statute, as it is in another one, another statute, that the other gang, that the other participant in the robbery be a gang member. Because we, the other guy, I don't know where he is and I don't know whether he's a gang member or not. So we're there, but it's not essential for a conviction under the statute that the other participant in the crime had been a gang member, is that right? I think it is, Your Honor, because the statutory language says that the defendant had to have the specific intent to further promote or assist gang members, and if it's just him acting alone, then the plural gang members doesn't make sense. I can see maybe a scenario where. Do you have California case law that interprets the statute, this statute, that way? I believe Albiar, Your Honor, People v. Albiar is the case that defines this statute most currently, and in that case, it explained that in order to show specific intent, the specific intent in the second prong, you apply a three-pronged analysis that the person had the intent to commit the crime. But is Albiar the same statute? Yes, Your Honor. Precisely the same statute? Well, it considers two statutes, including this one, Your Honor. It considers 186.22a and 186.22b1, which is the statute in this case. Okay. And when it considers this statute, it says specific intent can be shown by intent to commit the crime with gang members, and that the person knew that the people weren't a gang. So in this case, to answer your question, Judge Fletcher, I don't think you could convict someone if they were just acting alone without anybody else present for the crime. I think that's what Albiar instructs us. Okay. And the lawyer court, the California Court of Appeals, interpreted this statute. No, Your Honor, and I think that's why the decision was clearly contrary to Jackson, because I don't think the California Court of Appeals considered the two prongs separately. And it said, I believe, that there's no authority that there has to be more than one gang member, and I believe that's why. But why if that's why, if you're right, that the statute requires that there be more than one gang member actually participating in the crime, and you're basing your argument on Albiar, and the court of appeal doesn't understand Albiar to apply to this situation. Why is that not merely a mistake of California law? I think because the statute itself requires proof that there was more than one gang member, and so to not require that proof would be to convict Mr. Esparza without proof beyond a reasonable doubt as one of the elements, which would bring Jackson into play. But as I understand the California Court of Appeals, the California Court of Appeals did not understand the statute to require that the other participant in the crime be a gang member, is that correct? Am I recollecting the California Court of Appeals decision correctly? Yes, Your Honor, you're recollecting it correctly. And so that sounds to me, if you're right, about what Albiar really means, like the California Court of Appeals made a mistake of California law. I agree, Your Honor. And how do I get at a mistake of California law by a California court? Because I think it's also a due process error that there wasn't enough evidence for one of the elements of the statute. But that requires me to say that the California court mistook California law and that I know better than the California court of appeal what California law is. I can see that that would be one of the things you would say, but you would also say that there wasn't proof beyond a reasonable doubt as to one of the elements of the statute. Yes, but the reason I got to that element is that I said the California court of appeal made a mistake as to California law. I can see what you're saying, Your Honor, and I still think, though, that the Jackson error exists, because the other participant in the robbery of the taxi driver was a member of the California court of appeals. And you can show assistance or furtherance of gang activities and crimes by other means, and the argument that apparently was persuasive below is that they instruct the taxi driver to drive them from Compton all the way into their gang territory, at which point they rob him at gunpoint. And according to the expert testimony at trial, that shows that they were trying to do something to kind of show their toughness, improve the prestige, and fear terrorism value of the crime by having it done in their gang territory, thereby serving the purposes of the crime. I think I've got that more or less summarized correctly. Why is that not sufficient under that interpretation of the statute? They were driving the car from Irvine to Norwalk, Your Honor, and I think that it wouldn't be sufficient because your – if I understand your question correctly, we're assuming that it doesn't all – I think you asked me that it doesn't matter all that much that the other person was not involved. It's not essential to a conviction under the statute to show that two gang members simultaneously participated in the crime, and you can show violation of the statute if you can show by sufficiently clear evidence that one person, a gang member acting alone, acted to further the purposes of the gang and to advance its interests in its criminal activities. So if that's what the statute means, why isn't this sufficient to qualify under the statute? I see what you're saying, Your Honor, but I don't think that's what the statute means. I know. I know that. But let's assume for the moment that that is what the statute means. Then I think it becomes a slightly different case. It does. Yeah. But I think in this case – And how do you win if that's the case? I'm sorry? And how do you win if that is the case? Well, I think under the plain language of the statute, Your Honor, you still have to show that there's multiple gang members. So I'm not seeing how we make the connection between the plain language of the statute to a conclusion that more than one gang member participate is not essential. But isn't it that multiple gang members benefit, not that they participate in the particular crime at issue? That's the first prong of the enhancement, Your Honor, that the gang benefit. The second prong is that Mr. Esparza had the specific intent to promote further or assist in any criminal conduct by gang members. And that's the part, Your Honor, where I think that the California Court of Appeals got it wrong. And, Your Honor, if I may reserve my last minute and a half for rebuttal. Okay. Good morning, and may it please the Court. David Glassman for the FLE Respondent. I'd like to return, Judge Fletcher, to questions that you asked and I think also to your question, Judge Wardlaw. And I would differentiate, I think, between the claim that has been raised up until this point in this case and the conversation that took place just now with counsel. The claim that has been raised in this case, which is the focus of the California District Court, was that there was insufficient evidence beyond the testimony of a police officer with respect to the gang motivation portion of the statute. That was very clearly the focus of the claim in state court and in federal court. And you don't need to take my word for it. That's clear in the briefs that were filed and in the focus of the opinion. That is a significantly different claim than, I suggest, than the claim that is being asserted now. The claim that is being asserted now is that, as a matter of law, under the California statute, there must be proof of more than one gang member participating in the crime. Now, I have two answers to that question, and the answer, regardless, is no. The two answers are, as I indicated in my, in the Appellee's brief, there is case law specifically to that effect, namely that it is not required to prove the participation of more than one gang member. And in anticipation of the argument, I did indicate to opposing counsel that there is also a California Supreme Court case on that subject. I can provide copies to the Court today, if you'd like it. The case is Rodriguez at 55. Why don't you write down the citation for us afterwards and have the clerk bring it in to us? All right. And I do have copies of the decision. Okay. That would be great, too. All right. But let me add this, Judge Wardlaw, and that is so, so first of all, as a matter of law, it is not accurate to say that there must be more than one gang member. The second thing, although, if the Court has a question, I'll answer it first. No, it's okay. Okay. The second point I would like to make is that it's one thing to say, so what's interesting in this case is that there's no dispute that this defendant commits a robbery, right? That's conceded at trial. And there's no dispute about the circumstance of the robbery that Judge Fletcher indicated. What there was also no dispute about is that the robbery is committed in concert with another participant, namely that two individuals get into this cab, deceive this cab driver, get him to drive outside his area, tell him that they'll pay him $100 to do so, and that once they are in the location that they want to arrive at, they simultaneously begin the assault on him, with one beating him and the defendant directing his associate to kill him. So it is true that unlike the defendant, there are no identifiable fingerprints of the other participant, and he is gone, and he is not prosecuted in this case. So it is true that there was no argument or evidence that the accomplice is a gang member. But it is not true that there is no inference that this crime is not committed by two gang members. Now, again, the jury didn't make that finding. I'm not suggesting that the jury did make a finding that they didn't make. But to say as a matter of fact that this was a gang member committing the crime with a non-gang member is simply, I suggest, a somewhat of a distortion of the record. Well, it's one gang member committing a crime with someone as to whom we do not know whether he's a gang member or not. Under circumstances, for example, the fact that the defendant is ordering the other individual to shoot the victim that I would suggest reflect an association that one could reasonably infer indicates common gang membership. I don't want to get too deep in the weeds, but one could reasonably infer the contrary because he doesn't obey the order. And also it could be that he's not yet a gang member, but if he shoots the guy, then he might become the gang member. So, I mean, there's all sorts of inferences there. We just really don't know. And all my only point is that it is not accurate to say that, in fact, that he is not a gang member, as though that was somehow litigated at trial. So the district court and the State courts addressed the claim presented there, which had to do with the adequacy of the expert's testimony. A witness who I would just point out is examined for an hour only on the subject of the enhancement, and the defense is only the issue of the applicability of the enhancement. That's the only claim presented to the jury. The jury deliberates for days. They find the enhancement true. This is a Johnson inquiry, as Judge Fletcher indicated. It may not apply in the other case. It applies in this case, Jackson, rather, Jackson v. Virginia, on top of the ADPA issue. So a jury made a decision beyond a reasonable doubt. This Court evaluates this claim under a far different standard, and under that standard, I don't think it can be said that this is an outrageous or outlandish or whatever the terminology would be. Was the expert witness an expert specifically with respect to the Varjo-Murlock gang? Yes. And the expert testifies, Judge Wardlaw, portions of which are at 63 to 75, I think, of the excerpts. And as I indicated, he testifies for an hour regarding his familiarity with the gang, his familiarity with the defendant, the reasons for his conclusion, and his acknowledgment that although, you know, it's theoretically possible that it was not the crime was not committed for purposes of the gang, that it's his view that it was. And like any other witness, the jury ultimately is told that it's up to them to decide whether or not the enhancement is proven. So the fact that the jury concurred with his assessment, the jury didn't have to, it chose to, based on the uncontroverted circumstances of the crime. And with that, unless the Court has any questions, I will leave a copy of the decision. One last clarification. As I indicated on page 28 of my brief, I refer to a case, Lynch v. Swarthout. This is when we were sort of trading citations with unpublished cases, which I wasn't sure we should have been doing, but I didn't start it. Anyway, Lynch v. Swarthout indicates, as I state in the brief, that that is an example of cases involving one gang member and one non-gang member. There is a parenthetical, I don't mean to belabor this, after a series of other citations where I say same. And it occurred to me reading that that one could interpret that to mean the same holding rather than the same general topic of enhancements. It is not the same holding. Some of those cases do involve two gang members. All the more reason why I would just ask the Court to consider Rodriguez. But, again, as I said at the beginning, the idea that the State misapplied State law, which I think, as Judge Fletcher indicated, is really not a Federal question typically, that is not really the issue that was preserved in this appeal. Unless the Court has any questions, I'll submit it. Thank you. Thank you, Your Honor. Your Honor, getting back to your question about whether there's a requirement that there be more than one gang member, I think that to hold that there is no such requirement would conflate the two prongs of the enhancement, because the first prong of the enhancement goes to whether there's a benefit to the gang, just generally speaking. And the second prong is the same. Sotomayor, where do you see the requirement of the second gang member? You rely on the statute as being so clear. What does it say? Does it say two gang members? The statutory language is written in the plural when it says gang members. Well, it says gang members, but it's you've got to read the full phrase. Where does it say there's got to be two gang members? I don't. Because it doesn't use the word gang or gang member, I think the fair reading of that statute is that there is. Look, there's language there. You want to explain to me where it requires that the crime be committed by two gang members? You say you're relying on the plain reading of the statute. You say I don't see it there. It doesn't have other language other than what's in the statute, Your Honor, that I could point to. Well, I understand. You want to explain to me why you think this language says there has to be two gang members? Yes, Your Honor. Where does it say that? At the point where it says any criminal conduct by gang members. That's right. It says to assist any criminal conduct by gang members. So you commit a crime over here to help the gang members' criminal enterprise over there. It doesn't mean that this crime has to involve more than one gang member. You could be, you know, getting money that will help them buy weapons. That would help gang members in their criminal enterprise. Where does it say this crime has to be committed by two gang members? It doesn't say it specifically in the statute, Your Honor, but whatever. If you're relying on a plain, I mean, which is what I heard you say, if you're relying on a plain reading of the statute, it's got to be plain. I mean, plain would be, it says, and the crime has to be committed by two gang members. Then we'd have a problem. Then we'd have a, where does it say that? I respectfully disagree, Your Honor. I think when it says gang members. Well, no. It says to aid any criminal conduct by gang members. Right. To promote, further assist any criminal conduct by gang members. It doesn't mean this criminal conduct has to be. It seems to be referred to other conduct. It can mean either or, which was the issue that was. Well, if it's either or, then it seems to me you haven't got a plain language argument. Well, Your Honor, I would submit on my argument that I think that. Fair enough. Because it is plural. It refers to more than one. Okay. Thank you, Your Honor. Thank you. The case is submitted. We are adjourned. Thank you. We are adjourned. Thank you.
judges: Kozinski, Wardlaw, Fletcher